**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: § § JOSEPH ANTHONY DOWDALL, § § Debtor. § § | | Case No. 24-42950 Chapter 7 |
| MMWKM ADVISORS, LLC, § § Plaintiff, § § v. § § JOSEPH ANTHONY DOWDALL, § § Defendant. § | | Adversary No. 25-04025 |

**RESPONSE TO AMENDED MOTION TO DISMISS FOR LATE FILING**

Plaintiff MMWKM Advisors, LLC ("Plaintiff") files this Response to Defendant's Amended Motion to Dismiss for Late Filing and would respectfully show the Honorable Court as follows:

**INTRODUCTION**

1. In its Amended Motion to Dismiss for Late Filing (the "Motion"), Defendant asks the Court to dismiss Plaintiff's Complaint to Deny Discharge under 11 U.S.C. § 727 on the ground that it was filed seven (7) minutes past the stroke of midnight, after the April 24, 2025 deadline. Plaintiff sincerely regrets its failure to complete e-filing before midnight, but respectfully submits that the drastic remedy of dismissal is neither compelled by law nor warranted under the circumstances. Given the *de minimis* delay and the seriousness of the Section 727 claim, the Court should deny the Motion on equitable grounds and allow the Complaint to proceed on the merits of the Section 727 claim.

**FACTUAL AND PROCEDURAL BACKGROUND**

2. By order of this Court, the deadline under Bankruptcy Rule 4004(a)(1) for Plaintiff to file a complaint objecting to discharge under Section 727 was extended to April 24, 2025. Dkt. 31 (Case No. 24-42950) (Order Granting Unopposed Motion to Extend Time to File Objections to Discharge) ("ORDERED that the time to file a complaint objecting to discharge under 11 U.S.C. § 727 by any party-in-interest, including the Office of the United States Trustee, shall be Thursday, April 24, 2025.")

3. On April 24, 2025, Plaintiff's counsel finished drafting a sixteen-page Complaint to Determine Dischargeability seeking denial of discharge pursuant to 11 U.S.C. § 727(a)(2) alleging, in part, that "Debtor has, with intent to hinder, delay, or defraud a creditor or an officer of the Estate, transferred, removed, destroyed, mutilated, or concealed, or have permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the Debtor, within one (1) year before the date of the filing of the petition and/or property of the Estate, and after the date of the filing of the petition." Dkt. 1 (Adversary No. 25-04025), at ¶ 417 (Plaintiff's Complaint to Determine Dischargeability); Ex. A, at ¶ 1 (Declaration of Patrick Yarborough).

4. As the midnight deadline approached on April 24, 2025, Plaintiff's attorney, Mr. Yarborough, began the process of e-filing this Complaint with the Court and, based on his e-filing experience, reasonably anticipated having ample time to complete e-filing before midnight. *Id.*, at ¶ 2. However, Plaintiff's counsel did not anticipate that it would be necessary to open a new adversary case in order to file this Complaint. *Id.* As a result, it took longer than anticipated for Plaintiff to complete the filing, due to the apparent necessity of opening an adversary complaint first, and the Complaint was evidently not filed until 12:07 A.M. (CST), seven minutes after the date changed to April 25, 2025. Ex. B.

5. Defendant has not alleged that he any prejudice by this seven-minute delay and, in fact, freely granted a 30-day extension to Trustee Weisbart on the day of the Section 727 Deadline. Dkt. 36, at p. 6 (Case No. 24-42950) (Certificate of Conference describing the grant of extension). Now Defendant seeks to capitalize on this *de minimis* delay by asking the Court to dismiss the Complaint, thereby allowing Defendant to avoid the legal consequences of the improper transfers that Plaintiff has alleged.

## ARGUMENTS AND AUTHORITIES

6. Bankruptcy Rule 4004, which governs deadlines for filing a Section 727 complaint, is "not jurisdictional" in nature, but, rather, is a "claims-processing rule." *Kontrick v. Ryan*, 540 U.S. 443, 444–45 (2004). This distinction is key because, unlike a claims-processing rule (such as Bankruptcy Rule 4004), jurisdictional rules "define and limit the power of the court . . . [and] are subject to neither equitable exceptions nor waiver." *Fed. Ins. Co. v. United States*, 882 F.3d 348, 361 (2d Cir. 2018). The Supreme Court has not foreclosed the applicability of equitable exceptions to claims-processing rules like Rule 4004, and courts have applied equitable doctrines to except a lack of strict compliance with a Rule 4004 deadline. *United States v. Russo*, 343 F. Supp. 3d 270, 276 (S.D.N.Y. 2020) ("The Supreme Court has 'reserved whether mandatory claim-processing rules may be subject to equitable exceptions' other than waiver or forfeiture . . . . [but t]he weight of authority suggests that they are.") (quoting *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 n.3 (2017)); *see, e.g., In re Rychalsky*, 318 B.R. 61, 64 (Bankr. D. Del. 2004) ("I find on the facts here that the 60[-]day period provided for by Rule 4004 should be equitably tolled.").

7. Plaintiff respectfully submits that equity warrants treating its Section 727 claim as having been filed timely.[1] The deadline in Bankruptcy Rule 4004(a) is not jurisdictional, and courts retain equitable discretion to decline strict enforcement of non-jurisdictional claims-processing rules, particularly where the delay is *de minimis*, the filing was made in good faith, and no prejudice results. Here, Plaintiff diligently prepared and attempted to file the Complaint before midnight, but encountered an unanticipated e-filing requirement to open a new adversary proceeding, which delayed submission by a matter of minutes. *Id.*, at ¶ 2. Defendant has not alleged he was misled, surprised, or harmed in any way by the brief delay, and granting a discharge on such a technicality would elevate form over substance and frustrate the core purpose of Section 727—to protect the integrity of the bankruptcy system by denying relief to debtors who engage in misconduct. Equity therefore supports adjudicating Plaintiff's Section 727 objection on its merits.

8. This case is distinguishable from those cited in Defendant's Motion to argue that the Court lacks any equitable discretion with respect to the deadline in Rule 4004. Indeed, in *In re Weisner*, the court determined that allowing a late-filed objection to discharge would be "inconsistent with Bankruptcy Rule 9006(b)" when that objection was filed "88 days after the 727/523 Deadline." *In re Wisner*, No. 21-41120, 2022 WL 4587047, at *5 (Bankr. E.D. Tex. Sept. 29, 2022). By contrast, it would not be inconsistent with the Bankruptcy Rules to treat Plaintiff's Complaint as timely filed because the delay in its filing occurred in good faith, was *de minimis* (only seven minutes), and there has been no allegation or way that Defendant was prejudiced by the delay, given that he agreed to an extension of the Section 727 deadline to the Trustee to May 26, 2025.

---

[1] Plaintiff acknowledges that, with respect to § 523, the deadline passed on March 25, 2025, and it concedes that its claim under Section 523 is untimely. *See* Motion, at ¶ 3.

## PRAYER

For these reasons, Plaintiff respectfully prays that the Court deny Defendant's Motion.

| | |
|---|---|
| DATED: May 22, 2025 | Respectfully submitted,<br><br>*/s/ Patrick Yarborough*<br>Patrick Yarborough<br>Texas Bar No. 24084129<br>patrick@fosteryarborough.com<br>Luke Ott<br>Texas Bar No. 24116864<br>luke@fosteryarborough.com<br>917 Franklin Street, Suite 220<br>Houston, Texas 77002<br><br>**Counsel for Plaintiff**<br>**MMWKM Advisors, LLC** |

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on May 22, 2025, a true and correct copy of the foregoing was served upon all parties receiving notice via the electronic transmission facilities, and upon Defendant's counsel via U.S. First Class Mail and email to the address below:

Gerrit Pronske
**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Email: gpronske@spencerfane.com

                                                                                     */s/ Patrick Yarborough*
                                                                                      Patrick Yarborough