IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JOSEPH ANTHONY DOWDALL** | § | |
| | § | Case No. 24-42950 |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| MMWKM ADVISORS, LLC | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| v. | § | Adversary No. 25-04025 |
| | § | |
| JOSEPH ANTHONY DOWDALL | § | |
| | § | |
| | § | |
| Defendant | § | |

## ORDER GRANTING AMENDED MOTION TO DISMISS FOR LATE FILING

ON THIS DATE, the Court considered the "Amended Motion to Dismiss for Late Filing" (the "Motion"), filed by Debtor, Joseph Anthony Dowdall ("Movant" or "Defendant"), on May 7, 2025, in the above styled case.[1] Movant seeks dismissal of the "Complaint to Determine Dischargeability" (the "Complaint"), filed by Plaintiff, MMWKM Advisors, LLC ("MMWKM" or "Plaintiff"), on April 25, 2025.[2] The Court

---

[1] Mot., ECF No. 6.

[2] Compl. ECF No. 1.

also considered the untimely[3] response filed by Plaintiff on May 22, 2025, as well as the reply filed by Movant on May 29, 2025.[4] The Court finds the Motion was properly served with requisite negative notice language pursuant to LBR 7007, and that Plaintiff responded to the Motion. The Court finds that the arguments and authorities of the parties are adequately presented in the pleadings and that the Court's decision regarding the Motion would not be aided by oral argument. Upon due consideration of the pleadings and the relevant legal authorities, the Court finds the Complaint was untimely filed and must be dismissed.

The underlying bankruptcy case[5] was originally filed on December 5, 2024.[6] In a Chapter 7 case, Fed. R. Bankr. P. 4004(a) requires any objection to discharge filed pursuant to 11 U.S.C. § 727 to be filed no later than sixty (60) days after the first date set for the § 341 meeting. Similarly, Fed. R. Bankr. P. 4007(c) requires a complaint to determine dischargeability of a debt pursuant to 11 U.S.C. § 523 to be filed within the same sixty (60) day time frame. The original deadline for filing a section 727 discharge

---

[3] Pursuant to LBR 7007, the Motion contained fourteen (14) day negative notice language requiring a response to be filed by Plaintiff no later than May 21, 2025. Thus, Plaintiff's filing on May 22, 2025 was one day late. However, the Court exercises its discretion and considers Plaintiff's response despite this failure. See *In re Alhuneidi*, 632 B.R. 737, 740 (Bankr. E.D. Tex. 2021), citing *Bonner v. Adams (In the Matter of Adams)*, 734 F.2d 1094, 1102 (5th Cir. 1984).

[4] Resp., ECF No. 7; Rep., ECF No. 8.

[5] The Hon. Brenda T. Rhoades has presided and continues to preside over the underlying bankruptcy case. The Hon. Joshua P. Searcy presides over this adversary proceeding, and now renders a decision on the Motion.

[6] Case No. 24-42950, ECF No. 1.

objection or a section 523 dischargeability objection was therefore March 25, 2025.[7]

On March 21, 2025, prior to expiration of the original deadline, the Chapter 7 Trustee, Mark A. Weisbart ("Trustee"), filed an "Unopposed Motion to Extend Time to File Objections to Discharge."[8] This first extension motion asked to extend the section 727 discharge objection deadline until April 24, 2025, for *all* parties. Plaintiff did not join or object to the Trustee's first extension motion. On April 14, 2025, the Court granted this first extension motion.[9] Thus, the section 727 discharge objection deadline was extended for *all* parties until April 24, 2025.[10] The section 523 dischargeability objection deadline was not extended and remained March 25, 2025.

On April 24, 2025, the extended section 727 discharge objection deadline, Trustee filed his "Unopposed Second Motion to Extend Time to File Objections to Discharge."[11] Unlike the first extension motion, this second motion asked to extend the section 727 discharge objection deadline *only* as to the Trustee and the Office of the United States Trustee.[12] Trustee sought an extension until May 26, 2025. Plaintiff did not join or object to the Trustee's second extension motion. On May 23, 2025, the Court granted

---

[7] Case No. 24-42950, ECF Nos. 5 and 12.

[8] Case No. 24-42950, ECF No. 30.

[9] Case No. 24-42950, ECF No. 31.

[10] *Id*.

[11] Case No. 24-42950, ECF No. 33.

[12] *Id*.

Trustee's second extension motion, extending the section 727 discharge objection deadline *only* for the Trustee or the Office of the United States Trustee until May 26, 2025.[13] The section 727 discharge objection deadline for all other parties, including Plaintiff, was not extended and remained April 24, 2025.

Meanwhile, on April 25, 2025, Plaintiff filed its Complaint commencing this adversary proceeding.[14] The Complaint was filed one day after the April 24, 2025 section 727 discharge objection deadline. On May 7, 2025, Defendant filed the current Motion.[15] In response on May 12, 2025, Plaintiff filed its "Opposed Motion to Extend Time to File Objections to Discharge" in the underlying bankruptcy case.[16] Defendant objected and a hearing was held in the underlying bankruptcy case on May 20, 2025.[17]

Rule 4004(b) provides two express methods for obtaining extension of the section 727 discharge objection deadline. The first requires an extension motion to be filed "before the time has expired." Fed. R. Bankr. P. 4004(b)(1). Plaintiff's opposed motion failed to meet this requirement. The second permits an extension after the time has expired, but only if certain conditions are met. Fed. R. Bankr. P. 4004(b)(2).[18] This

---

[13] Case No. 24-42950, ECF No. 45.

[14] Compl., ECF No. 1.

[15] ECF No. 4; Mot., ECF No. 6.

[16] Case No. 24-42950, ECF No. 36.

[17] Case No. 24-42950, ECF No. 37.

[18] Rule 4004(b)(2) provides:

second method is also not available to Plaintiff. The transcript of the May 20, 2025 hearing on Plaintiff's opposed motion reflects that the Court considered, and denied, relief under Rule 4004(b)(2).[19] The Court found Plaintiff failed to meet any one of the three requirements under Rule 4004(b)(2) necessary to obtain an extension of the April 24, 2025 section 727 discharge objection deadline after its expiration. On May 22, 2025, the Court entered an order denying Plaintiff's opposed extension motion.[20] This denial means the section 727 discharge objection deadline for Plaintiff remains April 24, 2025.

If a section 727 discharge complaint is brought outside the sixty (60) day time frame outlined under Rule 4004(a), including any extension, a debtor may seek dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.[21] This Court previously wrote:

> Generally, these time limits are strictly applied, but a court may grant a motion extending the deadline before it expires. Fed. R. Bankr. P. 4004(b). The "underlying purpose" of the rule "is to provide the debtor with a

---

(2) **Motion After the Time Has Expired**. After the time to object has expired and before a discharge is granted, a party in interest may file a motion to extend the time if:

(A) the objection is based on facts that, if learned after the discharge is granted, would provide a basis for revocation under § 727(d);

(B) the movant did not know those facts in time to object; and

(C) the movant files the motion promptly after learning about them.

[19] Rep., Ex. B, 34-36, ECF No. 8; see also Case No. 24-42950, ECF No. 48 at 34-36.

[20] Case No. 24-42950, ECF No. 43.

[21] Applicable pursuant to Fed. R. Bankr. P. 7012.

>definite date after which no party may object to discharge." *In re Gallagher*, 70 B.R. 288, 290 (Bankr. S.D. Tex. 1987) (citing *United States v. Ortman (In re Ortman)*, 51 B.R. 7, 8 (Bankr. S.D. Indiana 1984)). A court may grant an extension under Fed. R. Bankr. P. 4004(a) "only to the extent and under the conditions stated" in that rule. Fed. R. Bankr. P. 9006(b)(3). The objecting creditor must demonstrate "cause" for an extension. Fed. R. Bankr. P. 4004(b)(1). The meaning of "cause" is not defined by Fed. R. Bankr. P. 4004, and is therefore subject to a court's discretion. The United States Supreme Court has outlined three purposes for the discharge rules: "First they inform the pleader, i.e. the objecting creditor, of the time he has to file the complaint. Second they instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements. Third, they afford the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and (b) limits." *Kontrick v. Ryan*, 540 U.S. 443, 456, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004). The Fifth Circuit has held that Fed. R. Bankr. P. 4004 and Fed. R. Bankr. P. 4007 should be "strictly construed" because the procedural rules "reflect[] the overall goal of the bankruptcy process to provide individual debtors a fresh start." *Yaquinto v. Ward (Matter of Ward)*, 978 F.3d 298, 302 (5th Cir. 2020) (quoting *Ichinose v. Homer Nat'l Bank (In re Ichinose)*, 946 F.2d 1169, 1172 (5th Cir. 1991)).

*In re Alhuneidi*, 632 B.R. 737, 740-41 (Bankr. E.D. Tex. 2021).

The Motion seeks dismissal of this adversary proceeding on the grounds that Plaintiff's Complaint was untimely filed and therefore fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).[22] Plaintiff acknowledges that

---

[22] A motion to dismiss under Fed. R. Civ. P. 12(b)(6) cannot be properly granted if a claim "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at n. 8. Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions," "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," *Id.* at 1965, and into the "realm of plausible liability." *Id.* at 1966 n. 5. In passing on a Rule 12(b)(6) motion, a court must accept all of the plaintiff's allegations as true. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). Motions to dismiss under Rule 12(b)(6) are disfavored and are rarely granted. *Priester*

the section 523 dischargeability objection deadline was March 25, 2025, and concedes the Complaint was untimely as to claims under section 523.[23] Plaintiff's response does not expressly ask a second time for extension of the section 727 discharge objection deadline under Rule 4004(b)(2). Plaintiff does not assert the applicability of the actual notice/relation back exception to Rule 4004(a).[24] Nor does Plaintiff assert it only became aware of its 727 discharge claims during the "gap period" between expiration of the Rule 4004(a) discharge objection deadline and actual entry of a discharge order.[25]

Plaintiff instead asks for equitable relief from the strictures of Fed. R. Bankr. P. 4004(a).[26] The Motion details Plaintiff's counsel's efforts to timely file the Complaint, and describes the one day delay as "de minimis" and without prejudice to Defendant.[27] Though not cited by either party, this Court has previously considered whether to grant a request for an equitable extension of the section 523 dischargeability and section 727

---

*v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004); *Ollie v. Plano Independent School Dist.*, 564 F.Supp.2d 658, 660 (E.D. Tex. 2008).

[23] Resp., 4 ¶ 7 n.1, ECF No. 7.

[24] See *Covert v. McGuirt (Matter of McGuirt)*, 879 F.2d 182 (5th Cir. 1989); *In re Thompson*, 572 B.R. 638, 649 (Bankr. S.D. Tex. 2017); *Kuenstler v. Half Price Books, Records, Magazines, Inc.*, 589 B.R. 138, 145 (E.D. Tex. 2018); *In re Wisner*, No. 21-41120, 2022 WL 4587047, at *5 (Bankr. E.D. Tex. Sept. 29, 2022); *In re Alhuneidi*, 632 B.R. 737, 741 (Bankr. E.D. Tex. 2021).

[25] See *Weisbart v. Pettit (In re Pettit)*, Nos. 20-41570, 21-04011, 2021 Bankr. LEXIS 2676, at *10 (Bankr. E.D. Tex. 2021); *Cage v. Watson (In re Watson)*, No. 04-46189, 2007 Bankr. LEXIS 4290, at *5 (Bankr. S.D. Tex. 2007).

[26] Resp., 1, ECF No. 7.

[27] Resp., 4, ECF No. 7.

discharge objection deadlines. See *In re McCain*, 652 B.R. 678, 680 (Bankr. E.D. Tex. 2023).

In *McCain*, the plaintiff attempted to file a complaint containing causes of action under both sections 523 and 727. Unfortunately, the complaint was not filed with the Court using CM/ECF, but rather was submitted at 11:54 p.m. the day of the objection deadline using the Electronic Document Submission system located on the Court's website. *Id*. at n. 2. This difference meant the plaintiff's complaint was not file-marked until the next day, one day after expiration of the Rule 4004(a) and 4007(c) deadlines. The debtor-defendant sought dismissal under Rule 12(b)(6) because the complaint was filed late. *Id*. at 681. The *McCain* plaintiff sought an equitable exception to the deadline, as does Plaintiff in this proceeding.

This Court declined to find such an equitable exception under to the Rule 4004(a) and 4007(c) deadlines, and dismissed the *McCain* plaintiff's complaint. The Court's reasoning relied upon Rule 9006(b)(3) which provides that a court "may extend the time to . . . (A) act under Rule . . . 4004(a), 4007(c) . . . only as permitted by those rules . . ." The language of Rule 4004 provide only two express ways to extend the section 727 discharge objection deadline.[28] *McCain* also relied on *Yaquinto v. Ward*, a decision of the

---

[28] *McCain* refers in one place to Rule 9006(b)(1), but should have referred instead to Rule 4004(b)(1). *McCain*, 652 B.R. at 680. Thus, *McCain* should not be understood to imply that the general rule in bankruptcy permitting extension of deadlines "for cause shown" under Rule 9006(b)(1) is applicable to extension of the Rule 4004(a) section 727 discharge or Rule 4007(c) dischargeability objection deadlines. Rule 9006(b)(3) is an exception to Rule 9006(b)(1) and makes clear that these two deadlines may be extended only as permitted respectively in either Rule 4004 or 4007.

Fifth Circuit. See *Yaquinto v. Ward (In re Ward)*, 978 F.3d 298 (5th Cir. 2020). In *Ward*, the Fifth Circuit stated that both Rule 4004 and 4007 are "strictly construed." *Id*. at 302. The Fifth Circuit recognized Rule 9006(b)(3) as a limitation on the general rule in bankruptcy court permitting extension "for cause shown" under Rule 9006(b)(1). *Id*. This Court does not read *Ward* to recognize authority for a blanket equitable exception to the Rule 4004(a) or 4007(c) deadlines.

This Court recognizes that *Ward* found the bankruptcy court in that case *did* have "equitable power emanating from 11 U.S.C. § 105(a) to correct any error it may have committed in changing the date of the first creditors' meeting after the case was transferred out of the Eastern District." *Id*. at 301–02. However, Plaintiff has not alleged any error was committed by this Court which could warrant use of that equitable power. In the absence of any binding authority contrary to *Ward,* and considering the limiting effect of Rule 9006(b)(3), this Court declines to extend the section 727 discharge objection deadline of Rule 4004(a) on equitable grounds in this proceeding.[29]

Because Plaintiff cannot be granted an extension under Rule 4004(b)(1), and has already failed to obtain an extension under Rule 4004(b)(2), and because the Court declines to grant an extension on equitable grounds under the circumstances of this

---

[29] See also *In re Markowitz*, No. 14-68061-BEM, 2015 WL 2123916 at *3 (Bankr. N.D. Ga. Apr. 29, 2015) (Excusable neglect does not justify granting equitable exceptions to Rule 4004(b)); *In re Aloia*, 496 B.R. 366, 387 (Bankr. E.D. Pa. 2013) (explaining the operation of Rule 4004(b)(2) as "limited" exception). Prior to the 2011 amendment of Rule 4004 to include subsection (b)(2), at least one court found no equitable exception to the Rule 4004(a) deadline. See *In re Riggert*, 399 B.R. 453, 461-462 (Bankr. N.D. Tex. 2009) (Rule 4004 is a firm deadline, and the court has no discretion to expand it, absent some extenuating circumstances).

proceeding under applicable precedent, the Court finds that Movant has established sufficient grounds to warrant dismissal of this adversary proceeding. However, when a plaintiff's complaint fails to state a claim, courts should freely give a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, "unless . . . amendment would be futile." *Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009).[30] In this adversary, an amendment would be futile because it would not and could not cure the late filing of the Plaintiff's Complaint. Accordingly just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the "Amended Motion to Dismiss for Late Filing" filed by Debtor, Joseph Anthony Dowdall, on May 7, 2025, is hereby **GRANTED** and the "Complaint to Determine Dischargeability" filed by Plaintiff, MMWKM Advisors, LLC, on April 25, 2025, is hereby **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS FURTHER ORDERED** that the Court retains jurisdiction pursuant to the authority expressed in *Querner v. Querner (In re Querner)*, 7 F.3d 1199 (5th Cir. 1993) to consider the "Motion for Sanctions Pursuant to Rule 9011 and the Court's Inherent

---

[30] "In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Powers" filed by Defendant on June 23, 2025,[31] or any related or similar motion in this proceeding which may be filed.

                Signed on 7/2/2025

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

---

[31] ECF No. 9.