IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 24-42950 |
| JOSEPH ANTHONY DOWDALL, | § | |
| | § | Chapter 7 |
| Debtor. | § | |
| | § | |
| | § | |
| MMWKM ADVISORS, LLC, | § | |
| | § | |
| | § | Adversary No. 25-04025 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JOSEPH ANTHONY DOWDALL, | § | |
| | § | |
| Defendants. | § | |

## MOTION FOR SANCTIONS PURSUANT TO RULE 9011
## AND THE COURT'S INHERENT POWERS

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading <u>WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE</u> shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

NOW COMES Joseph Dowdall ("***Debtor***"), and files this Motion for Sanctions under Rule 9011 and this Court's Inherent Powers jointly against MMWKM Advisors, LLC ("***Plaintiff***"), Patrick Yarborough ("***Yarborough***"), Luke Ott ("***Ott***") and Foster Yarborough PLLC ("***Foster Yarborough***") for violating Bankruptcy Rule 9011 by the filing of the Response (the "***Response***") to Joseph Dowdall's Amended Motion to Dismiss for Late Filing (the "***Dismissal Motion***") and

for lack of candor to this Court under this Court's Inherent Powers, and would respectfully show the Court the following:

1. This Bankruptcy Case was commenced on December 5, 2024. The deadline to file a complaint objecting to dischargeability of a debt under section 523 was March 25, 2025. By agreed order of this Court, the deadline for objection to the Debtor's discharge (section 727 only) was extended to April 24, 2025.

2. On April 25, 2025, 29 days after the section 523 deadline, Plaintiff filed its section 523 Complaint to Determine Dischargeability (the "***Complaint***"). In the Complaint, the Plaintiff also sued to block the Debtor's discharge pursuant to Bankruptcy Code section 727. As to the section 727 claim, the Complaint was filed the day after the filing deadline.

3. No Motion was filed by the Plaintiff to extend either the section 727 or the section 523 filing deadlines prior to the expiration of the deadlines. Any Motion to extend the deadline for the filing of section 727 or section 523 complaints must be filed before the expiration of the deadline. Bankr. R. 4004(b)(1)[1]; 4007(c).[2] A narrow exception exists with respect to discharge objections but is not applicable.

4. Based on the late filed Complaint, Debtor filed the present Dismissal Motion.

---

[1] Bankruptcy Rule 4004(b)(1) provides:

(b) EXTENDING THE TIME TO FILE AN OBJECTION.

(1) *Motion Before the Time Expires* . On a party in interest's motion and after notice and a hearing, the court may, for cause, extend the time to object to a discharge. The motion must be filed before the time has expired.

[2] Bankruptcy Rule 4007(c) provides:

(c) On a party in interest's motion filed before the time expires, the court may, after notice and a hearing and for cause, extend the time to file.

5. In response to the Dismissal Motion the Plaintiff filed both the Response that this Reply replies to, but also a Motion in the underlying bankruptcy case to attempt to extend the deadlines to object under sections 523 and 727 (the "***Extension Motion***").

6. Plaintiff failed to disclose to this Court in the Response that it requested an extension to file its Complaint late and that ***a hearing was held before Judge Rhoades on the Plaintiff's Extension Motion on May 20, 2025***, a mere two days before filing the Response in this Court. This Adversary Proceeding is pending before this Court, but the main case is pending in Judge Rhoades' Court.

7. At the conclusion of the May 20 hearing, ***Judge Rhoades found that the Complaint was filed late and denied the Extension Motion.*** In its Response before this Court, Plaintiff failed to inform this Court that the same issue was tried before Judge Rhoades and that Plaintiff lost that hearing. The Order Denying Creditor MMWKM's Opposed Motion to Extend Time to File Objections to Discharge (the "***Extension Denial Order***") was signed by Judge Rhoades on May 22, 2025, and entered on the Docket on May 24, 2025. This is obviously a critical fact that should have been disclosed to this Court by the Plaintiff, especially since two different Judges are assigned to hear the Extension Motion and the Dismissal Motion, which are both grounded in the same late-filing of the Complaint. A true and correct copy of the Extension Denial Order is attached hereto as **Exhibit "A"** and incorporated by reference herein.

8. The Extension Denial Order says that "For all the reasons stated in the oral ruling, the Motion is denied." A true and correct copy of the Transcript of the hearing on the Extension Motion showing the Court's oral rulings, which Debtor was forced to purchase because of the frivolous positions taken by the Plaintiffs in the Response, is attached hereto as **Exhibit "B"** and

incorporated by reference herein. Those oral rulings, incorporated into the written Order, concluded as follows on page 35 of the transcript:

> The movant did not seek an extension of the deadline, notwithstanding the fact that they -- the facts were disclosed before the deadline had expired. Instead, the debtor -- the movant waited until after the deadline had expired to file the motion. And for all those reasons, the Court finds that the movant has failed to meet any one of the three factors [under Bankruptcy Rule 4004(b)(2)], each of which were necessary to grant a motion to extend a deadline under 727 after the deadline had 18 expired.
>
> So, Mr. Pronske, you'll submit an order to the Court consistent with the Court's ruling denying the motion.

9. As Judge Rhoades plainly ruled, the section 523 and 727 deadline extension was denied and Judge Rhoades determined that the Complaint was late-filed.

10. The Extension Motion, Debtor's Response and Plaintiff's Reply are attached hereto as **Exhibits "C" and "D" and "E"** in the event that this Court has any need to review those pleadings and arguments. It is not the purpose of this Reply to rehash those arguments. They have been heard and ruled upon, and are law of the case.

11. Despite the fact that the law in the area of late-filed discharge complaints is well-settled, clear and consistent, despite the fact that this Court (Judge Rhoades) and the Fifth Circuit have written opinions directly on point to those issues, and (most importantly) despite the fact that the late-filing of the claim has been ruled on by Judge Rhoades, the Plaintiff ignores the case law and Judge Rhoades' ruling and essentially argues in his Response that deadlines do not matter.

12. The arguments made in the Plaintiff's Response, the manner in which those argument are made, and the failure of candor to this Court regarding the fact that Judge Rhoades had already heard and decided the same issue, are violations of Rule 9011, which provides in relevant part:

> (b) REPRESENTATIONS TO THE COURT . By presenting to the court a petition, pleading, written motion, or other document—whether by signing, filing, submitting, or later

advocating it—an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:

. . . .

    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;

. . . .

13.    Plaintiff's Response violates Rule 11(b)(2) in that the claims, defenses, and other legal contentions in the Response are not warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law. Under this Court's Inherent Powers Defendant's request imposition of sanctions for Plaintiff's lack of candor to this Court and the amount of time and money that Defendant has had to read frivolous arguments and inapplicable cases and to address these issues. The following summarizes how the Response violates Rule 9011(b)(2) and amounts to sanctionable conduct under this Court's inherent powers:

    a. The Response requests this Court *"to treat the Complaint as timely filed"* when Judge Rhoades already ruled two days before the Response was filed that the Complaint was late-filed and entered an Order Denying Plaintiff's Motion for Extension;

    b. Plaintiff lacked candor to this Court in failing to tell this Court in its Response that Judge Rhoades had already ruled that the Complaint was late-filed and that the Extension Motion was denied;

    c. Plaintiff does not make any non-frivolous arguments in their Response that warrant opposition to a dismissal of this case under Rule 12(b)(6);

d. The Plaintiff makes an absurd argument, not supported by a single relevant case, that even if the Court finds a Complaint untimely that it can treat the Complaint as timely;

e. The case law in 2 published opinions by this very Court and by the Fifth Circuit are crystal clear that the Complaint was not timely filed and that no extension was possible under Bankruptcy Rules 4004 and 4007;

f. The sparse case law presented in the Response, all but one of which case is from foreign jurisdictions, do not remotely stand for the propositions for which they are cited; and

g. One case cited by the Plaintiff does not exist.

14. In addition to sanctions under Bankruptcy Rule 9011, federal courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017); *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). "That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991). And one permissible sanction is an "assessment of attorney's fees." *Id.,* at 45.

15. In its Response, and despite the well-settled nature of the law in this area with cases from this jurisdiction directly on point, Plaintiff cites five oddball cases to try to get this Court "to treat the Complaint as timely filed." First and foremost, the obvious response to Plaintiff's attempt to get this Court "to treat the Complaint as timely filed," is that Judge Rhoades already ruled against Plaintiff on this very issue – end of story.

16. Dealing with the frivolous nature of the Response and the cases cited, Plaintiff first cites to *Kontrick v. Ryan*, 540 U.S. 443, 458–59, 124 S. Ct. 906, 917, 157 L. Ed. 2d 867 (2004), which holds in general that time bars generally must be raised in an answer or responsive pleading, and if they are not, under the Bankruptcy Rules as under the Civil Rules, a defense is lost if it is not included in the answer or amended answer. This case has nothing whatsoever to do with the issues in this case because Debtor raised the timeliness issue with a 12(b)(6) Motion (the present Motion before this Court) the same day as the late-filing.

17. The second case cited by the Response is *Fed. Ins. Co. v. United States,* 882 F.3d 348 (2d Cir. 2018). This is a criminal case under the Crime Victims' Rights Act. Even though this case has nothing to do with the issues in this case, this case states that "claim-processing rules, much like statutes of limitation, may be strict or even mandatory. . . ."

18. Plaintiff's third case cited is *United States v. Russo,* 343 F.Supp. 3d 270 (S.D.N.Y. 2020), a case that does not exist. This pretend case is cited for the proposition of the possibility that claims processing rules could be subject to equitable exceptions. However, the case located at 343 F.Supp. 270, the cite provided in the Response, is not *United States v. Russo,* as represented, but is instead a case called *Davila v. Lang*, a case that deals the Federal Tort Claims Act.

19. The fourth case cited in the Response *In re Rychalsky,* 318 B.R. 61 (Bankr. D. Del. 2004), a case that is completely inapplicable to the facts of this case, and stands only for the proposition that the deadline for the filing of a discharge complaint is in the nature of a statute of limitations and is subject to equitable tolling based on fraudulent concealment. While the Debtor agrees that the discharge and dischargeability deadlines are generally in the nature of a statute of limitations, equitable tolling is not the issue in this case, and this case has nothing to do with the issue in this case. Judge Rhoades' opinion in the *Young* case that "the Court has no power, after

the bar date for filing a complaint has passed, to extend the time to file a complaint to determine dischargeability" is based solely on the *language of Rules 4004 and 4007* that a motion to extend must be filed prior to the expiration of the deadline. Judge Rhoades' ruling was not based on that deadline being "jurisdictional." The word jurisdictional was not used in any pleading in this case, was not a word used during the hearing in Court before Judge Rhoades, and was not recited by Judge Rhoades in her ruling.

20. The fifth case cited in the Response is a Judge Rhoades opinion in the case of *In re Wisner,* r, No. 21-41120, 2022 WL 4587047 (Bankr. E.D. Tex. Sept. 29, 2022). This case is blatantly misquoted. Plaintiff cites this case for the proposition that a late-filed objection was disallowed because it was filed 88 days late. That conclusion is a misrepresentation of the holding of that case. In fact, the *Wisner* case squarely supports the Debtor's position. This is the false quote from Plaintiff's Response, at p.4:

> "In re Wisner, the court determined that allowing a late-filed objection to discharge would be "inconsistent with Bankruptcy Rule 9006(b)" *when that objection was filed "88 days after the 727/523 Deadline*."

(Emphasis supplied). That is not the reason that the objection was disallowed in the *Wisner* case. Using the Court's "88 days after the 727/523 Deadline" quote in proper context, that quote shows that it 100% supports the Debtor's Motion to Dismiss, supports Judge Rhoades ruling in this case, and shows how that quote was severely twisted by the Plaintiff. The following is the verbatim actual quote from the case:

> "In this case, as discussed, the Plaintiff's discharge and dischargeability claims were not asserted until the Plaintiff filed its Second Amended Complaint, which was 88 days after the 727/523 Deadline. *Allowing the Plaintiff's late-filed objections to discharge and dischargeability to proceed would be inconsistent with Bankruptcy Rule 9006(b), which states that the time periods set out in Bankruptcy Rules 4004 and 4007 may be extended 'only to the extent and under the conditions stated in' the Rule.*"

21. It is easy to see that the fact that the case was filed 88 day late had nothing to do with the ruling, that this case is blatantly misquoted, and that this case's holding has to do with the strict language contained in Rules 4004 and 4007. The *Wisner* case, as well as Judge Rhoades' clear ruling in the present case, dealt with the fact that a Rules 4004 and 4007, rules that the Fifth Circuit says must be "strictly construed,"[3] provides mandatory requirements for an extension to be granted, that an extension can only be granted if those requirements are met, and that the Court has no power to go around the strict mandatory language of those Rules.

22. So out of the 5 cases cited by Plaintiff in its Response, the first case has nothing whatsoever to do with the issues in this case, the second case is a criminal case under the Crime Victims' Rights Act, the third case is a pretend case that does not exist, the fourth case a case that is completely inapplicable to the facts of this case, and fifth case is blatantly misquoted.

23. The relief sought in the final paragraph 8 of the Response, a blatant attempt to have this Court make a ruling "to treat Plaintiff's Complaint as timely filed," is ***totally opposite of what Judge Rhoades ruled*** in this very same case based on the same exact issue before this Court and the same exact facts that Judge Rhoades has already ruled on. The Plaintiff's Response argues that:

> ***it would not be inconsistent with the Bankruptcy Rules to treat Plaintiff's Complaint as timely filed*** because the delay in its filing occurred in good faith, was de minimis (only seven minutes), and there has been no allegation or way that Defendant was prejudiced by the delay, given that he agreed to an extension of the Section 727 deadline to the Trustee to May 26, 2025.

24. Two things about the request that this Court find that its Complaint was ***"timely filed"*** are disturbing and warrant sanctions under Rule 9011 and this Court's inherent powers. First, as Plaintiff knows, Plaintiff argued the same thing to Judge Rhoades in this same case, and ***Judge Rhoades squarely ruled that the Complaint was not timely filed.*[4]** She further ruled that it

---

[3] *Yaquinto v. Ward* (Matter of Ward), 978 F.3d 298, 302 (5th Cir. 2020).
[4] In the transcript of the ruling on the Motion to Extend the deadline before Judge Rhoades said:

*would be* inconsistent with the Bankruptcy Rules to treat the Complaint as timely filed. Second, Plaintiff's request to have this Court rule that the Complaint was timely filed is disturbing because the Response does not tell this Court that they filed a Motion in Judge Rhoades Court on the same issue, and that their Motion was heard 2 days before they filed their Response in this Court, and that they lost on the "timely filed" issue and that their Motion was denied.

25. Counsel for the Debtor has spent a total of 18 hours at his regular hourly rate of $910/hour, estimates 2 hours to attend and prepare for hearings based on the Response and this Motion for Sanctions, and has paid $400 for the Transcript of the hearing in Judge Rhoades' Court in having to respond to Plaintiff's frivolous Response and to draft this Motion, for a total of $18,600. Debtor requests this Court to enter an Order sanctioning Respondents for the amount of no less than $18,600, and requiring that amount to be reimbursed to the Debtor.

26. Finally, it should also be noted that the Response filed by the Plaintiff was itself filed a day late[5] in non-compliance with the negative notice language contained in the Dismissal Motion, and Local Bankruptcy Rule 7007-1, which provides that such notice contain the following language: "***If no objection is timely served and filed, this pleading shall be deemed to be***

---

> ***"[T]he movant waited until after the deadline had 14 expired to file the motion. And for all those reasons, the 15 Court finds that the movant has failed to meet any one of the 16 three factors, each of which were necessary to grant a motion 17 to extend a deadline under 727 after the deadline had 18 expired.***

(Emphasis supplied).

> Based on that oral ruling, Judge Rhoades entered an Order styled ***"ORDER DENYING CREDITOR MMWKM'S OPPOSED MOTION TO EXTEND TIME TO FILE OBJEFCTIONS TO DISCHARGE"***, which said that ***"The Motion is hereby denied."***

(Emphasis supplied).
[5] The Dismissal Motion was filed on May 7, 2025, making the response deadline May 21, 2025. The Response was filed on May 22, 2025.

*unopposed. . . ."* Missing the deadline on a motion dealing with the missing of a deadline tends to show that Plaintiff lacks concern about meeting deadlines.

WHEREFORE, Debtor respectfully requests this Court to grant the Dismissal Motion and to grant such other relief as is just.

Dated: July 2, 2025.                    Respectfully submitted,

>    */s/ Gerrit M. Pronske*
>    Gerrit M. Pronske
>    Texas Bar No. 16351640
>    **SPENCER FANE LLP**
>    5700 Granite Parkway, Suite 650
>    Plano, TX 75024
>    (972) 324-0300 – Telephone
>    (972) 324-0301 – Facsimile
>    Email: gpronske@spencerfane.com
>
>    **COUNSEL FOR DEFENDANT**
>    **JOSEPH DOWDALL**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on July 2, 2025, a true and correct copy of the foregoing was served upon all parties receiving notice via the Court's electronic transmission facilities, and upon Plaintiff's counsel via U.S. First Class Mail and email to the address below:

Patrick Yarborough (Individually and as attorney for Plaintiff)
Luke Ott
Foster Yarborough PLLC
917 Franklin Street, Suite 220
Houston, TX 77002
Email: patrick@fosteryarborough.com

>    */s/ Gerrit M. Pronske*
>    Gerrit M. Pronske