IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | Case No. 24-42950 |
| JOSEPH ANTHONY DOWDALL, § | | |
| § | | Chapter 7 |
| Debtor. § | | |
| § | | |
| § | | |
| MMWKM ADVISORS, LLC, § | | |
| § | | |
| Plaintiff, § | | Adversary No. 25-04025 |
| § | | |
| v. § | | |
| § | | |
| JOSEPH ANTHONY DOWDALL, § | | |
| § | | |
| Defendant. § | | |

**RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS**

1. Defendant's Motion for Sanctions (1) claims that at a hearing in the underlying case, Judge Rhoades ruled on the merits of Defendant's Motion to Dismiss for Late Filing, even though Judge Rhoades ruled on an entirely different issue; and (2) labels legitimate but ultimately unsuccessful arguments as misconduct. It is entirely without merit and should be denied.

2. As for the first complaint, Judge Rhoades articulated the matter under consideration at her May 20, 2025, hearing on Plaintiff's Motion for Extension as follows:

> 16  movant on the record today, this is a motion solely under
> 17  Rule 4004(b)(2), which is -- which provides that after the
> 18  time to object has expired and before discharge is granted, a
> 19  party in interest may file a motion to extend the time if, A,
> 20  the objection is based on fact that if learned after the
> 21  discharge is granted, would provide a basis for revocation
> 22  under 727(d).  B, the movant did not know these facts in time
> 23  to object.  And, C, the movant files the motion promptly
> 24  after learning about them.

Mot. Ex. B at 34:16-24 (summarizing FED. R. BANK. P. 4004(b)(2)).

3. Indeed, even Defendant's counsel acknowledged the issue before Judge Rhodes was when Plaintiff knew of those facts it wished to include in its objection to discharge:

> 2  different.  It says that, in general that a motion to extend
> 3  must be filed before the deadline.  But there's an exception
> 4  given if you didn't know about those facts in time to file an
> 5  objection to discharge.

4. Nevertheless, the instant Motion leans heavily on the mistaken premise that Judge Rhodes decided the precise issue that was before this Court in its Order Granting Amended Motion to Dismiss for Late Filing (Dkt. 11). However, Judge Rhoades reserved judgment on the timeliness of the Complaint in this adversary proceeding:

> 5  dismissed.  And I -- I have filed a motion to dismiss this
> 6  adversary proceeding under Rule 12(b)(6) which this Court
> 7  says is the right avenue to go to when it's -- when it's late
> 8  filed.  And I've also --
> 9              THE COURT:  But that's before Judge Searcy,
> 10 right, not here?

Mot. Ex. B at 16:5-10 (highlighting added).

5. Moreover, the very oral ruling quoted by Defendant to show that "Judge Rhoades determined the Complaint was late-filed" actually referred to the Motion for Extension:

> The movant did not seek an extension of the deadline, notwithstanding the fact that they -- the facts were disclosed before the deadline had expired. Instead, the debtor -- the movant waited until after the deadline had expired to file the motion. And for all those reasons, the Court finds that the movant has failed to meet any one of the three factors [under Bankruptcy Rule 4004(b)(2)], each of which were necessary to grant a motion to extend a deadline under 727 after the deadline had 18 expired.

Mot. at 4 (highlighting and circle added) (quoting Mot. Ex. B at 35); s*ee also* Ex. B at 36:10-18.

6. Defendant conflates two distinct issues. It has never been disputed that Plaintiff filed its Complaint a few minutes after the discharge deadline and then sought an extension after the fact. But Plaintiff's response to the Motion to Dismiss raises a separate question: whether the

Court should, under the circumstances, deem the Complaint timely. A simple comparison between Judge Rhoades's oral ruling and order and this Court's most recent order exposes the misdirection.

7. Otherwise, Defendant takes issue with Plaintiff's legal argument for equitable relief—an argument the Court considered and rejected on the merits—that Plaintiff presented with clarity and candor. Plaintiff cited relevant authority accurately, omitted *In re McCain* only after reasonable diligence, and made no claim that lacked legal grounding.

8. For these reasons, set forth at greater length below, Court should deny the Motion.

## BACKGROUND

9. Plaintiff MMWKM filed its original Complaint in this proceeding against Defendant Dowdall at 12:07 a.m. on April 25, 2025, via CM/ECF. Dkt. 1. Later that same day, on April 25, 2025, Defendant filed his original Motion to Dismiss for Late Filing, seeking dismissal of the Complaint on the grounds that it was filed after the April 24, 2025, deadline. Dkt. 4. Then, on April 26, 2025, MMWKM's attorney, Patrick Yarborough, received the following email from Defendant's attorney, Gerrit Pronske:

> Patrick,
>
> I will need Ken Moraiff to appear at the hearing on the Motion to Dismiss for Late Filing to be a witness. Please let me know if you will have him there by agreement or whether I need to serve him with a Subpoena to be there. If I do not hear back from you by COB on Monday I will have him served. Thank you.
> **Gerrit Pronske** | Partner
> Spencer Fane LLP

Ex. A-1.

10. Here, Mr. Pronske insists that MMWKM's senior member, Ken Moraif, is needed to testify at a hearing on Defendant's just-filed Motion to Dismiss, even though Defendant never requested an oral hearing, no oral hearing was ever scheduled, and any hearing on the Motion to Dismiss would be non-evidentiary. Mr. Yarborough responded to ask why Mr. Moraif's testimony would be necessary under these circumstances, but Mr. Pronske did not explain. *Id.* Mr.

Yarborough then volunteered to present Mr. Moraif, and Mr. Pronske responded by stating that testimony was "no longer need[ed.]" *Id.*

11. On April 30, 2025, MMWKM received the transcript of the final Creditors' Meeting in this case, which raised additional grounds to oppose discharge not included in its original Complaint. Based on this testimony, MMWKM filed its Opposed Motion to Extend Time to File Objections to Discharge in the original bankruptcy case presided over by Judge Rhoades, *In re Dowdall* (E.D. Tex. Bank. Case No. 24-42950) (Dkt. 36) (May 12, 2025). Meanwhile, on May 7, 2025, Defendant Dowdall filed his Amended Motion to Dismiss here. Dkt. 6.

12. On May 20, 2025, Judge Rhoades conducted a hearing in the original case on MMWKM's Motion to Extend its § 727 deadline. The hearing addressed whether Debtor's late disclosure of facts not included in the original Complaint—and MMWKM's prompt request for an extension upon learning those facts—provided sufficient grounds under Rule 4004(b)(2) to extend the § 727 objection deadline. Judge Rhoades denied this request based on three factors, including whether "the movant files the motion promptly after learning about them." *Id.*, at 34:20–24. Considering that factor, Judge Rhoades stated "the movant [Plaintiff] waited until after the deadline had expired to file the ***motion***"—in reference to Plaintiffs Motion for Extension, not its Complaint, which she determined Plaintiff should have filed sooner because "the facts were disclosed before the deadline had expired." *Id.* at 36:13–14 (emphasis added). Defendant relies on this language in his Motion for Sanctions to argue—inaccurately—that the issue of the timeliness of MMWMK's Complaint had already been adjudicated. Mot. at ¶ 7.

13. In hearing, both parties and the Court acknowledged that this Objection had been filed 7 minutes and 50 seconds after the deadline. *Id.* at 16:5–15. Indeed, MMWMK has been perfectly frank about this fact both to Judge Rhoades and in its Response in Opposition to

Defendant's Motion to Dismiss. *See* Resp. (Dkt. 7), at ¶ 1 (the Compliant "was filed seven (7) minutes past the stroke of midnight, after the April 24, 2025 deadline"). However, Defendant's Motion for Sanctions conflates Judge's Rhoades' statement that MMWKM had filed its Motion for Extension after the deadline—which meant that it had to carry a heavier burden to receive an extension under Federal Rule of Bankruptcy Procedure 4004(b)(2)—with a ruling from Judge Rhoades that would have precluded MMWKM from opposing Defendant's Motion to Dismiss.

14. MMWKM then filed its Response to Defendant's Amended Motion to Dismiss on May 22, 2025. Dkt. 7. In that Response, MMWKM argued the Court should not dismiss the Complaint and that the Complaint should, in equity, be treated as timely filed because the delay was *de minimis* and not prejudicial to Defendant. *Id.*

15. On June 23, 2025, Defendant filed his original Motion for Sanctions. Dkt. 9. In the Motion, Defendant represented to this Court that MMWKM had improperly omitted the fact that the timeliness of MMWKM's Complaint had already been adjudicated by Judge Rhoades. Defendant also argued that the legal arguments in Plaintiff's Response were frivolous.

16. On July 2, 2025, the Court issued a reasoned Order Granting Amended Motion to Dismiss for Late Filing. Dkt. 11 (the "Order"). In this Order, the Court carefully considered MMWKM's argument regarding an equitable exception and ruled against it, citing an adverse case from this Court, *In re McCain*, 652 B.R. 678, 680 (Bankr. E.D. Tex. 2023), which neither party had cited in its Motion papers. Dkt. 11, at 7–8. The Order did not suggest that Plaintiff made a frivolous argument by seeking equitable relief. *See id.*

17. On the same day, the Court dismissed Dowdall's Motion for Sanctions without prejudice for failure to comply with Local Bankruptcy Rule 7007. Dkt. 10. Dowdall then refiled his Motion for Sanctions on July 2, 2025. Dkt. 12. On July 7, 2025, Dowdall filed a Supplement

to his Motion for Sanctions, which contends that Plaintiff's failure to cite *In re McCain* constituted another ground for granting his Motion for Sanctions. Dkt. 15.

19. On July 8, 2025, Plaintiff received another email from Defendant's attorney, Mr. Pronske. In this email, Mr. Pronske attempts to trade the Motion for Sanctions for either (1) $12,000, or (2) a concession from Plaintiff that has nothing to do with the Motion for Sanctions—namely, withdrawal of its objection to the Trustee's settlement in the original bankruptcy case:

> Patrick,
>
> Joe Dowdall proposes to withdraw/dismiss its Motion for Sanctions in exchange for either 1) payment by in the amount of $12,000 (2/3 of the sanctions request); or 2) Plaintiff's agreement to withdraw its Objection to the Settlement proposed by the Trustee and to fully release any further claims Plaintiff may have against Joe Dowdall, Leila Dowdall, and LJ Dowdall Financial, and/or their property.
>
> This offer is withdrawn if it is not accepted by the close of business on July 10, 2025.
>
> **Gerrit Pronske** | Partner
> Spencer Fane LLP

Ex. A-3.

## ARGUMENT

19. Defendant's Motion rests on (1) a glaring mischaracterization of the procedural record of the underlying case, and (2) overwrought complaints about Plaintiff's legitimate legal arguments in Plaintiff's Response to the Motion to Dismiss in this case. Its first claim—that the timeliness of Plaintiff's Complaint had already been adjudicated in Defendant's favor—is refuted by the very oral ruling he quotes. And the second claim casts ordinary legal disagreements as grounds for sanctions. And since its filing, Defendant has used the Motion to pressure Plaintiff into walking away from its objection to the Trustee's settlement in the underlying case. For the reasons set forth below, the Court should deny Defendant's Motion.

**A.     Judge Rhoades did not rule on the timeliness of Plaintiff's § 727 Complaint, much less preclude Plaintiff from opposing Defendant's Motion to Dismiss.**

20.     Central to Defendant's argument is the claim that Plaintiff omitted the critical fact that Judge Rhoades already ruled Plaintiff's Complaint was filed untimely. The problem, however, is that Judge Rhoades reserved judgment on that issue due to a motion before this Court:

```
 5   dismissed.  And I -- I have filed a motion to dismiss this
 6   adversary proceeding under Rule 12(b)(6) which this Court
 7   says is the right avenue to go to when it's -- when it's late
 8   filed.  And I've also --
 9               THE COURT:  But that's before Judge Searcy,
10   right, not here?
```

Mot. Ex. B at 16:5–10 (hearing in underlying case) (May 20, 2025) (highlighting added).

21.     Instead, that hearing concerned whether Plaintiff had met its burden under Federal Rule of Bankruptcy Procedure 4004(b)(2) to extend its Section 727 objection deadline. It was uncontested that that hearing that the motion to extend was filed after that deadline, on May 12, 2025. *In re Dowdall* (E.D. Tex. Bank. Case No. 24-42950) (Dkt. 36).

22.     Judge Rhoades said in the hearing that, because the motion was filed after Plaintiff's § 727 deadline, it fell under the stringent standard of Federal Rule of Bankruptcy Procedure 4004(b)(2). *See* Mot. Ex. B at 34:16–24 (Rhoades, J., summarizing FED. R. BANK. P. 4004(b)(2)).

23.     Ultimately, Judge Rhoades denied that motion based on three factors, including whether "the movant files the motion promptly after learning about them." *Id.*, at 34:20–24. Regarding this factor, Judge Rhoades noted how "the movant [Plaintiff] waited until after the deadline had expired to file the ***motion***"—in reference to MMWKM's *Motion for Extension*, not its § 727 Objection in this case—even though "the facts were disclosed before the deadline had

expired."[1] *Id.*, at 36:13–14, 11–12 (emphasis added).

24. ***This*** is the language on which Defendant relies for its proposition that the timeliness of Plaintiff's Objection has already been adjudicated. Mot. at ¶ 7 ("At the conclusion of the May 20 hearing, Judge Rhoades found that the Complaint was filed late and denied the Extension Motion") (emphasis removed), ¶ 8 (quoting Mot. Ex. B at 35–36, to support the same proposition), and ¶ 9 ("Judge Rhoades determined that the Complaint was late-filed").

25. Plaintiff did not cite Judge Rhoades' written order because that order did not adjudicate the timeliness of this Complaint—nor could it have. As noted by Judge Rhoades, it was a matter before this Court that Judge Rhoades did not intend to decide. Mot. Ex. B at 16:5–10.

26. Plaintiff filed the Complaint in this adversary proceeding, not the main bankruptcy case. The relief MMWKM sought before Judge Rhoades was permission to file a *new* complaint based on newly disclosed facts, not to excuse the existing Complaint under equitable principles:

> 26, 2025. Should this Motion be granted, MMWKM will file an amended complaint regarding dischargeability focused on these grounds under Section 727 of the Bankruptcy Code.

*In re Dowdall* (E.D. Tex. Bank. Case No. 24-42950) (Dkt. 36), at ¶ 10 (highlighting added).

27. Considering that Defendant participated in the hearing, it is puzzling how he so erroneously presented its substance to this Court. Defendant is, at the minimum, confused, and he has accused Plaintiff of failing to inform this Court about something that never transpired.

**B.     There is nothing sanctionable about the legal argument in Plaintiff's Response.**

28. Defendant boldly asserts that Plaintiff's legal argument is frivolous and sanctionable. *See* Mot. at ¶13 ("Plaintiff's Response violates Rule 11(b)(2) in that the claims,

---

[1] At that hearing and today, MMWKM disputes this finding, but that is immaterial for the Court's consideration of the instant Motion.

defenses, and other legal contentions in the Response are not warranted by existing law or by a nonfrivolous argument"). Defendant's assertions—some unfair, others false—could have been left as fodder for his reply brief but are instead overplayed into a sanctions motion. Indeed, Defendant claims Plaintiff's Response makes legal arguments that are "absurd," "frivolous," and use cases that "do not remotely stand for the propositions for which they are cited." Mot. at 5–6. Defendant is entitled to disagree with Plaintiff's argument for an equitable exception to its untimely filing (as this Court did in its reasoned Order on July 2, 2025), but he has not—and cannot—show the arguments presented in Plaintiff's Motion were not based in law or made in good faith. *See Matter of Nicholson*, 579 B.R. 640, 655 (Bankr. S.D. Ga. 2017) ("The fact that the Court ultimately disagreed with this argument is not a sufficient basis to impose sanctions under Rule 9011.").

1. ***Legal Standard***

29. "Fed. R. Bankr. P. 9011 is 'substantially identical' to the Fed. R. Civ. P. 11, thus, courts frequently reference Rule 11 jurisprudence in considering sanctions under Rule 9011."[2] "The central goal of Rule 11 is to deter abusive litigation practices."[3] "Rule 11 sanctions may be granted for: (1) improper purpose, (2) harassment or unnecessary delays in litigation, or (3) implausible defenses under existing or potential future law."[4]

30. Defendant's Motion does not accuse Plaintiff of filing for an improper purpose, but instead of making legally frivolous arguments. "A pleading is legally frivolous where it is 'clear under existing precedents that there is no chance of success and no reasonable argument to extend,

---

[2] *In re Akang*, No. 19-40150, 2023 WL 4688185, at *1 (Bankr. E.D. Tex. June 16, 2023) (quoting *In re Enmon*, No. 12-10268, 2013 WL 494049, at *3 (Bankr. E.D. Tex. Feb. 7, 2013)).
[3] *Enmon*, 2013 WL 494049, at *3 (quoting *Corley v. Rosewood Care Ctr., Inc.*, 388 F.3d 990, 1013 (7th Cir. 2004)).
[4] *In re Akang*, 2023 WL 4688185, at *1 (citing *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 581 (5th Cir. 2008)).

modify or reverse the law as it stands.'"[5] "When there is some plausible basis, *even a weak one*, supporting the litigant's position, imposition of sanctions is inappropriate."[6]

> **2.    Plaintiff's Response made only good-faith, plausible legal arguments, and it appropriately cited cases for propositions they directly support.**

31.    The legal argument in Plaintiff's Response is measured and relies on cases for defined legal propositions and uses those propositions to argue that equitable exceptions to non-jurisdictional, claims-processing rules like Rule 4004 could be available. Resp. at ¶ 6. Plaintiff then argues that, given this state of the law, the Court should, in equity, treat its Complaint as having been timely filed with respect to its objection to dischargeability under Section 727. *Id.* at ¶ 7. Plaintiff never claims there is some binding authority stating that this kind of equitable exception is definitively available or required. Yet Defendant takes aim at each of the cases Plaintiff cites, arguing every one of them was frivolously employed, essentially because the procedures or issues in the cited cases differ from the precise circumstance of Defendant's Motion.

32.    First, Defendant claims Plaintiff's citation to *Kontrick v. Ryan*, 540 U.S. 443, 458–59, 124 S. Ct. 906, 917, 157 L. Ed. 2d 867 (2004), was frivolous because it holds that "time bars generally must be raised in an answer or responsive pleading," and has "nothing whatsoever to do with the issues in this case because Debtor raised the timeliness issue with a 12(b)(6) motion." Mot. at ¶16. This critique misses that Plaintiff only cited this case for its proposition that "Bankruptcy Rule 4004, which governs deadlines for filing a Section 727 complaint, is 'not jurisdictional' in nature, but, rather, is a 'claims-processing rule.'" Resp. at ¶ 6 (Dkt. 7) (quoting *Kontrick*, 540 U.S., at 458–59). In this limited sense, the citation is accurate and stands for exactly

---

[5]    *Nicholson*, 579 B.R. at 649 (quoting *Mareno v. Rowe,* 910 F.2d 1043, 1047 (2d. Cir 1990)).
[6]    *Id.* at 649–50 (citing *United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001) (emphasis added). Plaintiff cites cases from outside jurisdictions because few published cases within the Fifth Circuit expound on the meaning of "legally frivolous" argument for purposes of Rule 9011.

the proposition for which Plaintiff employed it: to show that Rule 4004 is a claims-processing rule that is not jurisdictional in nature.

33. Next, Defendant takes issue with Plaintiff's use of *Fed. Ins. Co. v. United States*, 882 F.3d 348, 361 (2d Cir. 2018), on the grounds that "this is a criminal case under the Crime Victims' Rights Act," adding " this case has nothing to do with the issues in this case, this case states that 'claim-processing rules, much like statutes of limitation, may be strict or even mandatory.'" Mot. at ¶17. However, Plaintiff only used this case to provide this Court with a general characterization of jurisdictional rules as "defin[ing] and limit[ing] the power of the court . . . [and . . .] subject to neither equitable exceptions nor waiver." Resp. at ¶ 6 (quoting *Fed. Ins. Co.*, 882 F.3d at 361). The additional quote from *Fed. Ins. Co.* offered by Defendant does not contradict Plaintiff's citation or broader argument, as the fact that claims-processing rules "***may*** be strict or even mandatory," Mot. at ¶ 17 (quoting *Fed. Ins. Co.*, 882 F.3d at 361) (emphasis added), is consistent with the idea that such rules ***may not*** be mandatory.

34. Defendant falsely claims that Plaintiff cited a case that does not exist when it referred to *United States v. Russo*, a 2020 decision from the Southern District of New York. Mot. at ¶18 (calling *Russo* as non-existent "pretend case"). Again, Defendant makes hasty accusations before getting the facts straight. Had Defendant conducted his diligence before seeking sanctions, he would have discovered that this case exists and was accurately quoted by the Plaintiff. Ex. B (copy of *United States v. Russo*, 454 F. Supp. 3d 270 (S.D.N.Y 2020)). The confusion stems from a transpositional error on Plaintiff's part that resulted in a citation of "***343*** F.Supp. 3d 270" instead of the correct citation of "***454*** F. Supp. 3d 270". *Compare id.* (showing the correct volume number) *with* Resp. at ¶6 (mis-transcribing the volume number by shifting each digit up by one).

35.     Defendant next complains of Plaintiff's use of *In re Rychalsky*, 318 B.R. 61 (Bankr. D. Del. 2004). Mot. at ¶19. Plaintiff's citation to this case is preceded by a "*see, e.g.*," signal and is used for the proposition that "courts have applied equitable doctrines to except a lack of strict compliance with a Rule 4004 deadline"—a true statement directly supported by the case. Resp. at ¶5. As Defendant's Motion points out, *Rychalsky* dealt with equitable tolling, which is not the same equitable doctrine that Plaintiff sought to invoke in its Response. Mot. at ¶19 (*Rychalsky* "stands only for the proposition that the deadline for the filing of a discharge complaint is in the nature of a statute of limitations and is subject to equitable tolling based on fraudulent concealment"). But equitable tolling is still an equitable doctrine and its application to a Rule 4004 deadline in *Rychalsky* supports Plaintiff's point that "courts have applied equitable doctrines to except a lack of strict compliance with a Rule 4004 deadline." Resp. at ¶5. Defendant's argument merely pretends that Plaintiff employed this case in a much broader way than it actually did.

36.     Similarly, Defendant's complaint about Plaintiff's use of *In re Wisner*, No. 21-41120, 2022 WL 4587047 (Bankr. E.D. Tex. Sept. 29, 2022), also overstates Plaintiff's reliance on the case. Plaintiff's Response said "the court [in *Wisner*] determined that allowing a late-filed objection to discharge would be 'inconsistent with Bankruptcy Rule 9006(b)' **when** that objection was filed '88 days after the 727/523 Deadline.'" Resp., at ¶ 8 (quoting *In re Wisner*, 2022 WL 2587047, at *5) (emphasis added). Plaintiff offered this point to argue that its own delay was not analogous to *Wisner* (which Defendant relied upon in its Motion) because Plaintiff's delay (7 minutes) could be regarded as *de minimis* whereas the delay in *Wisner* (88 days) could not. Resp. at ¶ 8. Despite this, Defendant's Motion presents Plaintiff's argument as if Plaintiff had said the *Wisner* court determined that it could not allow a late-filed objection **because** of the length of the delay in filing. Mot. at 20 ("[t]hat is not the reason that the objection was disallowed in the *Wisner*

case."). But Plaintiff chose its words carefully and never suggested this—instead, Plaintiff said the *Wisner* court decided against allowing a late-filed objection "**when** that objection was filed '88 days after the deadline.'" Resp. at ¶8 (quoting *In re Wisner*, 2022 WL 2587047, at *5) (emphasis added). "When" is a much different word than "because"—"when," as used in Plaintiff's Response, means that the *Wisner* court's decision occurred in the context of an 88-day delay, not that the decision was made as a direct consequence of the length of the delay.

37. In sum, Defendant's accusations of frivolity collapse under scrutiny. Plaintiff cited each case for a specific, limited proposition directly relevant to the question at hand, and made no misrepresentations about their holdings or scope. The legal argument itself—grounded in the distinction between jurisdictional and claims-processing rules, and in the Court's equitable authority—was presented transparently, supported by legal authority, and confined to a narrow and good-faith theory that the Court ultimately declined to adopt. That Defendant misreads these citations, overstates Plaintiff's reliance on them, or distorts the argument's framing does not render the argument sanctionable. It merely reflects a disagreement over legal reasoning.

**C.     Plaintiff's inadvertent omission of *In re McCain* is not sanctionable.**

38. In its Order Granting [Defendant's] Amended Motion to Dismiss for Late Filing, the Court identified *In re McCain,* 652 B.R. 678, 680 (Bankr. E.D. Tex. 2023), as a case "not cited by either party" where "this Court previously considered" and denied a request for an equitable extension of discharge deadlines. Dkt. 11 at 7–8. The Order did not suggest this omission was sanctionable; however, Defendant—who also failed to identify this case in its original Motion for Sanctions—argues in the Supplement to its Motion for Sanctions that Plaintiff's omission of *In re McCain* provides additional grounds for sanctions.

39. The honest, inadvertent omission of adverse authority after a reasonable inquiry does not constitute grounds for sanctions under Rule 9011. This Rule provides:

> By presenting to the court a . . . written motion, or other document . . . an attorney . . . certifies that, **_to the best of the person's knowledge, information and belief formed after an inquiry reasonable under the circumstances_**:
>
> . . .
>
> (b) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law[.]

FED. R. BANKR. P. 9011(2)(b) (emphasis added).[7]

40. In this case, the omission by Plaintiff's attorneys occurred after a diligent search for binding authority. Counsel's records reflect that they conducted 38 separate Westlaw searches in preparation of its Response, including the following search:

| Filter | 4004(a) and untimely and equitable (2)<br>Search Type: Plain Language<br>Content: Cases<br>Jurisdiction: All Federal<br>Jurisdiction: Federal > Bankruptcy Ct. > 5th Cir. > E.D. TX | 05/22/2025 12:36 PM | MMK002 |

Ex. A-4. This search should have directed Plaintiff to *In re McCain* because that case contains each of the terms "4004(a)," "untimely," and "equitable" and is a bankruptcy case from the Eastern District of Texas. *In re McCain,* 652 B.R. at 679–80 (using the terms "4004(a)," "untimely," and "equitable"). However, when one runs this search on Westlaw, three cases appear, none of which are *In re McCain.* Ex. A-5 (search results). This shows Plaintiff conducted reasonable diligence that was designed to discover any adverse authority like *In re McCain* but, despite that reasonable diligence, Plaintiff did not discover it. *See* Ex. A, at ¶ 6 (describing Plaintiff's legal research).

41. Defendant—presumably—also searched for binding authority when drafting his Motion for Sanctions. Yet Defendant did not mention *In re McCain* until after the Court brought up the case in its Order. The fact that both parties missed this case provides further support for the

---

[7] This "knowingly" standard is mirrored in the Texas Rules of Professional Conduct. TEX. R. PROF. COND. RULE 3.03(a)(4) ("A lawyer shall not knowingly . . . fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel").

conclusion that Plaintiff's omission did not occur due to a lack of reasonable diligence. All evidence shows that Plaintiff's counsel believed its legal argument to be correct and only formed that belief after exercising their due diligence in conducting legal research that should have, but did not, reveal the existence of *In re McCain*. Under these circumstances, the omission of binding contrary authority is not sanctionable.

## CONCLUSION

Defendant's Motion does exactly what Rule 9011 is meant to prevent: it misrepresents the record and distorts opposing counsel's argument in an attempt to chill zealous, good-faith advocacy. It relies on a factual claim—that the Court already ruled on timeliness—that is facially untrue. And it accuses Plaintiff of frivolity for asserting a legally plausible argument that the Court itself addressed seriously. If anything, the filing of this Motion reflects a misuse of Rule 9011 for tactical purposes, not an appropriate invocation of the Court's disciplinary power.

Dated: July 16, 2025                                    Respectfully submitted,

*/s/ Patrick Yarborough*
Patrick Yarborough
Texas Bar No. 24084129
patrick@fosteryarborough.com
Luke Ott
Texas Bar No. 24116864
luke@fosteryarborough.com
**FOSTER YARBOROUGH PLLC**
917 Franklin Street, Suite 220
Houston, Texas 77002

**Counsel for Creditor-Plaintiff**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on July 16, 2025, a true and correct copy of the foregoing was served upon all parties receiving notice via the electronic transmission facilities, and upon Defendant's counsel via email (gpronske@spencerfane.com).

*/s/ Patrick Yarborough*